Daniel S. Alter  
Attorney for Creditor, Jennifer Stewart  
360 Westchester Avenue, #316  
Port Chester, New York 10573  
(914) 393-2388

**Motion Date: May 12, 2026**  
**Motion Time: 10:30 a.m.**

UNITED STATES BANKRUPTCY COURT  
EASTERN DISTRICT OF NEW YORK  
-------------------------------------------------------------x

In re:

Daphne Patricia Thomas,

      Debtor.  
-------------------------------------------------------------x

Chapter 13

Case No. 26-40449(ESS)

### MOTION OF CREDITOR, JENNIFER STEWART, SEEKING RELIEF FROM THE AUTOMATIC STAY PURSUANT TO §362(d) OF THE BANKRUPTCY CODE, (ii) DISMISSING THE CHAPTER 13 CASE PURSUANT TO §1307(c); <u>AND (III) RELATED RELIEF</u>

**TO: THE HONORABLE ELIZABETH S. STONG,**  
 **UNITED STATES BANKRUPTCY JUDGE:**

The Motion of Movant, Jennifer Stewart (the "Movant"), by her attorney, Daniel S. Alter, seeks relief from the automatic stay pursuant to 11 U.S.C. § 362(d) (i) to permit Movant to enforce the final Order and Judgment of the Supreme Court of the State of New York, County of Kings, dated May 25, 2022 in *Jennifer Stewart a/k/a Jennifer Desouza v. Michael Paul, et al.*, Index No. 515187/2020 (the "Judgment"), including enforcement of the Judgment awarding possession of 175 Weirfield Street, Brooklyn, New York and directing ejectment; (ii) Permitting Movant to proceed with all enforcement remedies authorized by the Judgment, including execution thereof and ejectment by the Sheriff of Kings County and/or the New York City Marshal; (iii) additionally, dismissing this Chapter 13 case pursuant to 11 U.S.C. § 1307(c) for cause, including bad faith filing; and (iv) Granting such other and further relief as this Court deems just and proper, respectfully represents and sets forth as follows:

 1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§157 and 1334. Consideration of the Application is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(G).

2. Venue is proper in this District pursuant to 28 U.S.C. §§1408 and 1409.

3. This proceeding has been initiated pursuant to Bankruptcy Code §362(d)(1).

**<u>BACKGROUND</u>**

4. The Court is respectfully referred to the Affirmation of Mitchell Hecht, Esq., submitted herewith, and the exhibits annexed thereto, for a complete record of the underlying state-court proceedings and the procedural history giving rise to this motion.

5. Following a default judgment against Debtor, Daphne Patricia Thomas, the Supreme Court of the State of New York entered a final Order and Judgment on May 25, 2022 (the "Judgment"). The Judgment awarded the Movant $279,000.00 in monetary damages, declared the Debtor's underlying deeds null and void ab initio due to fraud, awarded possession of the Premises to the Movant, and commanded the Sheriff to remove and eject the Debtor.

6. The Debtor's subsequent motion to vacate the Judgment was denied by the Supreme Court on December 2, 2025, following a traverse hearing that confirmed proper personal jurisdiction. This order vacated the temporary stay, restoring the full enforceability of the ejectment directive.

7. The Debtor filed the instant skeletal Chapter 13 petition on January 28, 2026—two days before the scheduled ejectment.

8. As further set forth in the Hecht Affirmation, the Judgment voided the deeds, meaning the Debtor held no legally cognizable ownership interest in the Premises as of the petition date. The subject property is not property of the estate pursuant to §541 of the Bankruptcy Code, as the Debtor holds no ownership interest. Additionally, this is not a landlord-tenant matter, as the Debtor is not a lessee of the subject property. The Premises are not necessary for a reorganization of the Debtor's affairs. The filing's timing confirms it was commenced solely to forestall enforcement of a final state-court ejectment judgment, not to reorganize or rehabilitate any legitimate property interest.

9. No previous request for the relief sought herein has been made.

10. Notice of this Application has been provided to (i) Office of the United States Trustee;

(ii) Chapter 13 Trustee, Krista M. Pruess, Esq.; (iii) the Debtor; (iv) counsel for the Debtor; and (v) all Notices of Appearance. The Debtor submits that said notice is adequate and proper.

11. For all of the foregoing reasons, the Movant respectfully requests entry of an order, substantially in the form filed and served with the Application herein.

**WHEREFORE**, Movant respectfully requests that the Court the grant relief from the automatic stay pursuant to 11 U.S.C. § 362(d) (i) to permit Movant to enforce the final Order and Judgment of the Supreme Court of the State of New York, County of Kings, dated May 25, 2022 in *Jennifer Stewart a/k/a Jennifer Desouza v. Michael Paul, et al.*, Index No. 515187/2020 (the "Judgment"), including enforcement of the Judgment awarding possession of 175 Weirfield Street, Brooklyn, New York and directing ejectment; (ii) Permitting Movant to proceed with all enforcement remedies authorized by the Judgment, including execution thereof and ejectment by the Sheriff of Kings County and/or the New York City Marshal; (iii) Dismissing this Chapter 13 case pursuant to 11 U.S.C. § 1307(c) for cause, including bad faith filing; and (iv) Granting such other and further relief as this Court deems just and proper.,

Dated: Port Chester, New York
March 26, 2026

Daniel S. Alter
Counsel for Creditor, Jennifer Stewart
360 Westchester Avenue   #316
Port Chester, New York 10573
(914) 393-2388

By: */s/ Daniel S. Alter*_____
Daniel S. Alter