UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

In re:                                           Chapter 13

                                                 Case No. 26-40449(ESS)

Daphne Patricia Thomas,

                          Debtor.

--------------------------------------------------------------x

### AFFIRMATION OF MITCHELL HECHT, IN SUPPORT OF MOTION FOR RELIEF FROM STAY

I, Mitchell Hecht, an attorney duly admitted to practice before the Courts of the State of New York affirm the following under penalty of perjury pursuant to 28 U.S.C. § 1746:

1.      I am counsel to Movant Jennifer Stewart a/k/a Jennifer Desouza ("Movant"), the duly adjudicated owner of the real property located at 175 Weirfield Street, Brooklyn, New York (the "Premises") in the Supreme Court proceeding Index Number Index No. 515187/2020. I submit this affirmation in support of Movant's motion pursuant to 11 U.S.C. § 362(d)(1) for relief from the automatic stay to permit enforcement of a final Order and Judgment of the Supreme Court of the State of New York, County of Kings, dated May 25, 2022 in *Jennifer Stewart a/k/a Jennifer Desouza v. Michael Paul, et al.*, Index No. 515187/2020.

2.      The facts set forth herein are based upon my review of the state-court record, the docket of this bankruptcy case, and the documents annexed hereto. I am fully familiar with the procedural history of the underlying State Court Action.

### I.      THE STATE COURT ACTION AND FINAL JUDGMENT

3.      In 2020, Movant commenced an action in the Supreme Court of the State of New York, Kings County, entitled *Jennifer Stewart a/k/a Jennifer Desouza v. Michael Paul, et al.*, Index No. 515187/2020 (the "State Court Action"), seeking, among other relief, a declaration that certain

deeds affecting the Premises were void based upon fraud and seeking ejectment. A true and correct copy of the Complaint filed in the State Court Action is annexed hereto as **Exhibit A**.

4. Debtor Daphne Patricia Thomas (the "Debtor") was a named defendant in the State Court Action. After Debtor failed to appear or answer, a default judgment was entered against her on September 10, 2021. A true and correct copy of the default judgment entered in the State Court Action is annexed hereto as **Exhibit B**. The matter proceeded to inquest on March 16, 2022.

5. Following the inquest, the Supreme Court entered a final Order and Judgment dated May 25, 2022 (the "Judgment"), which:

a. Awarded Movant monetary damages jointly and severally against Michael Paul and Daphne Thomas, jointly and severally, in the principal sum of $279,000.00, plus interest as awarded by the Court, together with costs and disbursements;

b. Declared the May 23, 2008 deed and the subsequent July 8, 2015 deed affecting the Premises null and void *ab initio*, finding that those conveyances were fraudulent and incapable of transferring valid title;

c. Directed the Register of the City of New York, County of Kings, to purge those deeds from the record;

d. Awarded possession of the real property located at 175 Weirfield Street, Brooklyn, New York (the "Premises") to Movant; and

e. Commanded the Sheriff of Kings County and/or the New York City Marshal to remove and eject the Debtor and all occupants from the Premises.

A true and correct copy of the Order and Judgment dated May 25, 2022 is annexed hereto as **Exhibit C**.

## II. POST-JUDGMENT PROCEEDINGS

6. On June 21, 2022, the Debtor moved by Order to Show Cause pursuant to CPLR 5015(a)(1) and (4) to vacate the Judgment. In signing the Order to Show Cause, the Supreme Court temporarily stayed execution of the Judgment pending determination of the motion. A true and correct copy of the Order to Show Cause, as signed by the Court, is annexed hereto as **Exhibit D**.

7. By order dated November 15, 2022, the matter was referred to a Special Referee for a traverse hearing to determine the propriety of service. A true and correct copy of the Decision and Order dated November 15, 2022 is annexed hereto as **Exhibit E**.

8. Following the traverse hearing, Special Referee Richard N. Allman issued a determination dated September 25, 2024 finding that personal service upon the Debtor had been duly and properly effectuated and that the Supreme Court had personal jurisdiction over her. A true and correct copy of the Decision dated September 25, 2024 is annexed hereto as **Exhibit F**.

9. By Decision and Order dated December 2, 2025, the Supreme Court denied the Debtor's motion to vacate, expressly denied relief under CPLR 5015(a)(4), found no reasonable excuse or meritorious defense under CPLR 5015(a)(1), and vacated the June 21, 2022 stay of execution. A true and correct copy of the Decision and Order dated December 2, 2025 is annexed hereto as **Exhibit G**.

10. The vacatur of the stay restored the full enforceability of the Judgment, including the ejectment directive.

## III. MARSHAL'S SCHEDULING OF EJECTMENT

11. Following entry of the December 2, 2025 Decision and Order, which vacated the stay of execution and restored the enforceability of the Judgment, Movant delivered the Judgment for enforcement. The New York City Marshal issued and served a Notice of Ejectment upon the

occupants of 175 Weirfield Street, Brooklyn, New York, advising that possession had been awarded to Movant and that the Marshal would execute the ejectment if the premises were not voluntarily vacated. The Marshal thereafter scheduled execution of the ejectment for January 30, 2026.

## IV.   THE BANKRUPTCY FILING

12.   On January 28, 2026, two days before the Marshal's scheduled execution of the ejectment, Debtor filed the instant Chapter 13 petition. A true and correct copy of the petition is annexed hereto as **Exhibit H**.

13.   The petition is skeletal in nature, having been filed without schedules, without a proposed Chapter 13 plan, and without any evidentiary showing of feasibility or a bona fide intent to reorganize.

14.   This matter does not arise from a landlord–tenant relationship. The underlying State Court Action was a plenary ownership and ejectment action in the Supreme Court of the State of New York, Kings County, seeking a declaration that certain deeds were null and void *ab initio* and recovery of possession based upon adjudicated ownership rights—not a summary nonpayment or holdover proceeding under RPAPL Article 7. The bankruptcy filing itself does not invoke any landlord–tenant protections, assert the existence of a lease, or identify a rental agreement. No future filing can alter the nature of the state-court Judgment, which adjudicated title and awarded possession and ejectment based on ownership, not tenancy. The record reflects that this case involves a fully adjudicated ownership dispute culminating in an ejectment judgment, not a lease-based eviction proceeding.

15.   As of the petition date, the Debtor held no valid ownership interest in the Premises. Because the state court declared the relevant deeds null and void *ab initio*, the Debtor possessed

no lawful title at the commencement of this case, and the Premises therefore did not become property of the estate within the meaning of 11 U.S.C. § 541. Enforcement of the Judgment does not remove estate property; it simply effectuates a judicial determination that the Debtor has no legally cognizable ownership interest in the Premises.

16. For all of the foregoing reasons, and as set forth more fully in Movant's Memorandum of Law, cause exists pursuant to 11 U.S.C. § 362(d)(1) to grant relief from the automatic stay, and dismissal of this Chapter 13 case is warranted pursuant to 11 U.S.C. § 1307(c). Accordingly, Movant respectfully requests that the Court enter an Order vacating the automatic stay to permit immediate enforcement of the state-court Judgment and granting such other and further relief as the Court deems just and proper.

**I declare under penalty of perjury that the foregoing is true and correct. Executed on March 25, 2026:**

*/s/ Mitchell Hecht*
MITCHELL HECHT