EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW
YORK COUNTY OF KINGS
---------------------------------------------------------------------X
JENNIFER STEWART A/K/A JENNIFER
DESOUZA

                Plaintiff,

MICHAEL PAUL, COLETTE PAUL, and DAPHNE
THOMAS

                Defendants.
---------------------------------------------------------------------X

Index No.

**SUMMONS**

Plaintiff Designates Kings
County, New York as the
place of trial as the
Defendants reside there and
the cause of action arose
there.

**TO THE ABOVE-NAMED DEFENDANTS:**

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action

and to serve a copy of your answer on the plaintiff at the address indicated below

within 20 days after the service of this Summons (not counting the day of service

itself), or within 30 days after service is complete if the Summons is not delivered

personally to you within the State of New York. In case of your failure to appear or

answer, judgment will be taken against you by default for the relief demanded in the

complaint.

Dated: West Hempstead, New York

    August _18_, 2020

                                 Mitchell Hecht
                                 Hecht Law Group, PLLC
                                 571 Elm Street

West Hempstead, NY 11552
(516) 755-7860
*Attorney for Plaintiff*

TO:  **Michael Paul**
318 East 26th Street
Brooklyn, NY 11226

**Colette Paul**
285 Hawthorne Street
Apartment #306
Brooklyn, NY 11225

**Daphne Thomas**
175 Weirfield Street
Brooklyn, NY 11221

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

----------------------------------------------------------------------X

JENNIFER STEWART A/K/A JENNIFER
DESOUZA

                Plaintiff,

        -against-

MICHAEL PAUL, COLETTE PAUL, and DAPHNE
THOMAS,

                Defendants.

----------------------------------------------------------------------X

Index No.

**VERIFIED COMPLAINT**

The Plaintiff, Jennifer Stewart a/k/a Jennifer DeSouza ("the Plaintiff"),

complaining of the Defendants, Michael Paul ("Michael"), Colette Paul ("Colette"),

and Daphne Thomas ("Thomas")("the Defendants"), alleges:

1. The Plaintiff is an individual residing in Nassau County, New York, and

was at all times the legal owner of 175 Weirfield Street, Brooklyn, NY 11221

("Property").

2. Michael was and is, at all relevant times, a resident of Brooklyn, New

York.

3. Colette was, at all relevant times, a resident of Brookly and also

Michael's sister.

4. Thomas was, at all relevant times, a Brooklyn resident and also

Michael's sister.

5. In or about 2006, the Plaintiff was best friends with Karol Kelly

("Karol"), Michael's girlfriend.

6. In or about January 2006, Karol asked the Plaintiff to assist Thomas, who was falling behind on her mortgage.

7. Michael promised the Plaintiff that, if she helped his sister by purchasing the Property, he would ensure that monthly payments on the mortgage were made and that, within six (6) months, he would purchase the Property from the Plaintiff and pay off the mortgage.

8. On January 18, 2006, the Plaintiff executed a Power of Attorney, naming Michael her Attorney-In-Fact.

9. As a result Plaintiff reposed her confidence in Michael and therefore relaxed the care and vigilance Plaintiff would ordinarily exercise in the circumstances.

10. Even though Plaintiff was present at the closing and executed some of the transfer documents Michael executed two mortgages and then purchased the Property for $570,000.00 on behalf of the Plaintiff from Thomas.

11. The first mortgage was for $456,000.00, the second mortgage was for $114,000.00.

12. Plaintiff relied on her Attorney-In-Fact Michael and did not know that approximately $279,000.00 was owed by Thomas and not $570,000.00 that Michael borrowed on behalf of the Plaintiff.

13. Thomas continued to live at the Premises.

14. Michael did not purchase the Premises from the Plaintiff or pay off the mortgage.

INDEX NO. 515187/2020

RECEIVED NYSCEF: 08/18/2020

15. In or about 2007, Michael and Thomas caused the Property to go into foreclosure, and the Plaintiff was named in Index No. 8633/2007.

16. On or about May 23, 2008, a party purporting to be the Plaintiff executed a Deed conveying the Property for no consideration to Colette.

17. The Plaintiff's signature is a forgery, and the address for seller listed on the ACRIS cover sheet was Colette's and not Plaintiff's.

18. On or about July 8, 2015 Colette executed a deed purporting to convey the property to Thomas.

19. On August 12, 2020, Plaintiff determined that upon information and belief, Defendants Michael and Thomas retained the excess proceeds of the mortgage executed on the Plaintiff's behalf.

## FIRST CAUSE OF ACTION
### Breach of Fiduciary Duty
### (With respect to Defendant Michael)

20. The Plaintiff repeats the foregoing.

21. Michael and the Plaintiff had a fiduciary relationship whereby the Plaintiff conveyed her Power of Attorney to Michael on the condition that he would purchase Thomas' property in her name, make all payments on it, and either pay it off in full or purchase it from her within six (6) months.

22. As a result of said fiduciary relationship Plaintiff reposed her confidence in Michael and therefore relaxed the care and vigilance Plaintiff would ordinarily exercise in the circumstances.

23. Defendant Michael breached his duty when Michael misused his authority to execute mortgages on behalf of Plaintiff in excess of the amounts he was authorized to borrow to help Defendant Thomas..

24. As a direct and proximate result of Michael's breach, the Plaintiff's credit worthiness was severely impaired.

25. As a direct and proximate result of Michael's breach, the Plaintiff incurred monetary damages to be determined at trial but currently estimated to be $400,000.00

26. Wherefore, Michael is liable for damages.

## SECOND CAUSE OF ACTION
### Fraud
**(With respect to Defendants Michael and Thomas)**

27. The Plaintiff repeats the foregoing.

28. The Defendants collectively agreed that they were going to utilize the Plaintiff's good credit to and for their advantage in purchasing Thomas' property and taking out a mortgage in her name. .

29. The Defendants collectively agreed that they were going to utilize the Plaintiff's good credit to and for their advantage in purchasing Thomas' property and taking out a mortgage in excess of what was necessary to satisfy Defendant Thomas's mortgage debt.

30. At all relevant times, the Defendants had no intention of giving the Plaintiff any remuneration for the property or mortgage.

31. The Defendants, being closely related, conspired to benefit individually and collectively from the Plaintiff's generosity.

32. Defendants collectively agreed to exploit Michael's fiduciary relationship with Plaintiff in furtherance of their conspiracy.

33. In furtherance of their scheme, the Defendants agreed to and did have Michael falsely and materially assure the Plaintiff that she would be protected if she helped Thomas out.

34. Michael told the Plaintiff specifically, *inter alia*, orally in person and by phone that the purchase of the Property would be risk-free to her, as he as her attorney-in-fact would satisfy the mortgage on it or buy the Property from her.

35. The Defendants knew that the Plaintiff would detrimentally rely on these promises to her detriment.

36. The Plaintiff reasonably believed that the Defendants' representations were true and accurate.

37. In reliance on these false representations, the Plaintiff was harmed.

38. The Defendants acted with actual malice.

39. Wherefore, the Defendants are liable, jointly and severally, for damages, including punitive damages, to be determined at trial but presently estimated to be in excess of $400,000.00.

### THIRD CAUSE OF ACTION
**Constructive Fraud**
**(With respect to Defendants Michael and Thomas)**

40. The Plaintiff repeats the foregoing.

41. Michael and the Plaintiff had a fiduciary relationship whereby the Plaintiff conveyed her Power of Attorney to Michael on the condition that he would purchase Thomas' property in her name, make all payments on it, and either pay it off in full or purchase it from her within six (6) months.

42. As a result Plaintiff reposed her confidence in Michael and therefore relaxed the care and vigilance Plaintiff would ordinarily exercise in the circumstances.

43. The Defendant used his fiduciary position to utilize the Plaintiff's good credit to and for their advantage in purchasing Thomas' property and taking out a mortgage in her name. .

44. The Defendants collectively agreed that they were going to utilize the Plaintiff's good credit to and for their advantage in purchasing Thomas' property and taking out a mortgage in excess of what was necessary to satisfy Defendant Thomas's mortgage debt.

45. At all relevant times, the Defendants had no intention of giving the Plaintiff any remuneration for the property or mortgage.

46. The Defendants, being closely related, conspired to benefit individually and collectively from the Plaintiff's generosity.

47. Defendants collectively agreed to exploit Michael's fiduciary relationship with Plaintiff in furtherance of their conspiracy.

48. In furtherance of their scheme, the Defendants agreed to and did have Michael falsely and materially assure the Plaintiff that she would be protected if she helped Thomas out.

49. Michael told the Plaintiff specifically, *inter alia*, orally in person and by phone that the purchase of the Property would be risk-free to her, as he as her attorney-in-fact would satisfy the mortgage on it or buy the Property from her.

50. The Defendants knew that the Plaintiff would detrimentally rely on these promises to her detriment.

51. The Plaintiff reasonably believed that the Defendants' representations were true and accurate.

52. In reliance on these false representations, the Plaintiff was harmed.

53. Wherefore, the Defendants are liable, jointly and severally, for damages, including punitive damages, to be determined at trial but presently estimated to be in excess of $400,000.00.

### FOURTH CAUSE OF ACTION
### Unjust Enrichment
### (With respect to Defendants Thomas and Michael)

54. The Plaintiff repeats the foregoing.

55. The Plaintiff conveyed her Power of Attorney to Michael, and permission to purchase the Property, under circumstance in which she reasonably expected recompense for it.

56. The Defendants each benefitted unjustly from the Plaintiff's credit and name without giving her any value for it.

57. Without the Plaintiff knowledge or consent the Defendants retained the excess mortgage funds.

58. The exchange occurred under circumstances under which the Plaintiff not being remunerated would be unjust.

59. Wherefore, the Defendants are liable, jointly and severally, for damages to be determined at trial but presently estimated to be in excess of $400,000.00.

### FIFTH CAUSE OF ACTION
### Conversion
### (With respect to Defendants Thomas and Michael)

60. The Plaintiff repeats the forgoing.

61. The Defendants collectively agreed that they were going to utilize the Plaintiff's good credit to and for their advantage in purchasing Thomas' property and taking out a mortgage in excess of what was necessary to satisfy Defendant Thomas's mortgage debt.

62. At all relevant times, the Defendants disguised their scheme and prevented Plaintiff from collecting the excess proceeds of the mortgage.

63. Plaintiff was entitled to the excess mortgage funds.

64. Wherefore, the Defendants are liable, jointly and severally, for damages, including punitive damages.

### SIXTH CAUSE OF ACTION
### Fraudulent Transfer
### (With respect to Defendants Thomas and Collete)

65. The Plaintiff repeats the foregoing.

66. In or about 2008, the Defendants conveyed the Property to Colette.

67. The transfer was made without fair consideration or the knowledge or consent of the Plaintiff.

68. The transfer was made by a person or persons who is or was insolvent, or who becomes insolvent as a consequence of the transfer.

69. The Defendants acted with actual malice.

70. Wherefore, the Defendants are liable, jointly and severally, for damages, including punitive damages.

## SEVENTH CAUSE OF ACTION
### Declare Void and Set Aside 2008 and 2015 Deeds
### (With respect to Defendants Thomas and Collete)

71. The Plaintiff repeats the foregoing.

72. The 2008 purported transfer of the Property from the Plaintiff to Colette was done under the Plaintiff's forged signature and without her knowledge or consent.

73. Colette achieved the Property without compensating the Plaintiff in any manner or amount for it.

74. It would be gravely unjust if the conveyance were permitted to stand, and the Plaintiff was divested of her interest in the Property without any consideration.

75. By reason of the foregoing Plaintiff is entitled to judgment or decree declaring the May 23, 2008 deed and subsequent July 8, 2015 deed null and void ab initio and setting them aside, directing the Register of the City of New York County of Kings to purge the record of said deeds, and directing Defendants to vacate the Property, and disgorge all rents and profits generated by the Premises.

**WHEREFORE**, Plaintiff, demand judgment against Defendants:

(a)     Thomas and Michael jointly and severally for damages, punitive damages and directing Defendants to disgorge the excess mortgage proceeds with interest;

(b)     Declaring the May 23, 2008 deed and subsequent July 8, 2015 deed null and void ab initio and setting them aside, directing the Register of the City of New York County of Kings to purge the record of said deeds and directing Defendants to vacate the Property and disgorge all rents and profits, generated by the Property;

(c)     Costs and disbursements and expenses, without limitation, reasonable attorneys' fees incurred in connection with this action; and

(d)     Such other relief as the Court deems just and proper.

Dated: West Hempstead, New York
August 18 , 2020

Mitchell Hecht
Hecht Law Group, PLLC
571 Elm Street
West Hempstead, NY 11552
(516) 755-7860
*Attorney for Plaintiff*

## VERIFICATION

JENNIFER STEWART a/k/a Jennifer DeSouza, of full age, affirms the following under penalty of perjury that I am the named Plaintiff in the above captioned civil action; that I have read the foregoing COMPLAINT and know the contents thereof, and that the same is true to the knowledge of affirmant except as to the matters therein stated to be alleged upon information and belief, and that as to those matters she believes it to be true.

DATED: Queens, New York
August 17th, 2020

Jennifer Stewart
a/k/a Jennifer DeSouza

Sworn to before me this 17th
day of August , 20 20

Notary Public

Kenneth R Garth
Notary Public- State of New York
Commission Exp: Apr 8, 2023

EXHIBIT "B"

At IAS Part DJMP of the Supreme Court of
the State of New York, held in and for the
County of Kings, at the Courthouse located
at 360 Adams Street, County of Kings,
State of New York, on the _19ᵗʰ_ day of
__Aug__ 2021

PRESENT: HON. RICHARD J. MONTELIONE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS: PART DJMP

------------------------------------------------------------------X

JENNIFER STEWART A/K/A JENNIFER
DESOUZA,

                Plaintiff,

        -against-

MICHAEL PAUL, COLETTE PAUL, and DAPHNE
THOMAS,

                Defendants.

------------------------------------------------------------------X

Default Judgment Order

Index No. 515187/2020

Cal. No.
Mot. Seq. 1
Submitted: 4-13-2021

The following papers were read on this motion pursuant to CPLR 2219(a):

| Papers | NYSCEF Doc #s |
|---|---|
| Plaintiff's Notice of Motion; Affirmation/Affidavit; Exhibits; | 1-18 |

After review of the papers in this matter, it is

ORDERED that:

Plaintiff JENNIFER STEWART A/K/A JENNIFER DESOUZA's motion for default judgment against
MICHAEL PAUL, COLETTE PAUL, and DAPHNE THOMAS is granted; and it is further

ORDERED that:

☑ A Note of Issue is to be filed on or before __11-10-21__.
☑ An Inquest and assessment of damages is scheduled for __3-8-22__.
☐ Inquest to be held at the time of trial.
☐ The action of the defaulting party(ies) is severed.

A copy of this order with notice of entry must be served on all sides within forty-five (45) days from the
entry date of this order with proof of service to be filed on NYSCEF.

ENTER,

RICHARD J. MONTELIONE, A.J.S.C.

EXHIBIT "C"

DJMP inquest part

IAS Part ___ of the Supreme Court
State of New York, at the Courthouse
thereof 360 Adams Street Brooklyn,
New York, on the 25 day April 2022
                                     May

PRESENT

HON. JOY F. CAMPANELLI J.S.C

**SUPREME COURT OF THE STATE OF NEW
YORK COUNTY OF KINGS**
--------------------------------------------------------------------X
JENNIFER STEWART A/K/A JENNIFER
DESOUZA

                                         Plaintiff,

MICHAEL PAUL, COLETTE PAUL, and DAPHNE
THOMAS

                                         Defendants.
--------------------------------------------------------------------X

Index No. 515187/2020

**[PROPOSED] ORDER AND
JUDGMENT**

**WHEREAS** on August 19, 2021 the Honorable Richard Montelione J.S.C. entered a

Default Judgment Order [NYSCEF Doc. No. 19] disposing Motion Seq No. #001 and holding,

inter alia, "that Plaintiff Jennifer Stewart A/K/A Jennifer Desouza's motion for default

judgment…is granted" and that an inquest be held; and

**WHEREAS**, pursuant to the Court's reference, an inquest was held on March 16, 2022

before the Honorable Joy F. Campanelli J.S.C.; and

**WHEREAS**, at the conclusion of said inquest the Honorable Joy F. Campanelli directed

that counsel for Plaintiff settle an order and judgment on notice and attach a copy of the

transcript; and

4050913

WHEREAS, on March 29, 2022 Plaintiff's counsel Filed and Served a Notice of Settlement of Judgment [NYSCEF Doc. No. 22] and [Proposed] Order and Judgment [NYSCEF Doc No. 23] for signature by the Honorable Joy F. Campanelli, J.S.C.; and

WHEREAS, upon due consideration and good cause appearing therefor:

UPON the Default Judgment Order [NYSCEF Doc. No. 19] of the Hon. Richard Montelione J.S.C. dated August 19, 2021 and entered September 10, 2021 and upon the inquest held on March 16, 2022; it is hereby

ADJUDGED AND ORDERED, That on the First Cause of Action the Clerk of the Court is directed to enter judgment in favor of Plaintiff Jennifer Stewart A/K/A Jennifer [7172 Booth Street, Hempstead, NY 11550] DeSouza and against Defendant Michael Paul in the amount of $100,000.00 in compensatory [? in the amount of $15,750.] and punitive damages together with interest at the rate of 9% from September 1, 2020 and [? in the amount of $565.50] thereafter at the statutory rate plus costs and disbursements as taxed by the Clerk of the Court [For a total sum of $116,312.50] and Plaintiff Jennifer Stewart A/K/A Jennifer DeSouza shall have execution therefor; and

ADJUDGED AND ORDERED, That on the Second, Third, Fourth and Fifth cause of Action the Clerk of the Court is directed to enter judgment in favor of Plaintiff Jennifer Stewart A/K/A Jennifer DeSouza and jointly and severally against Defendant Michael Paul residing 318 East 26th Street Brooklyn, NY 11226 and Defendant Daphne Thomas residing at 175 Weirfield Street Brooklyn, NY 11221 in the amount of $279,000.00 (representing the the excess funds borrowed and retained by Defendants Michael Paul and Daphne Thomas using Plaintiff's [? in the amount of $43,942.50] good name) together with interest at the rate of 9% from September 1, 2020 and thereafter at the [? in the amount of $562.50] statutory rate plus costs and disbursements as taxed by the Clerk of the Court and that Plaintiff [For a total of $323,505.—] Jennifer Stewart A/K/A Jennifer DeSouza shall have execution therefor; and

**ADJUDGED AND ORDERED AND DECLARED** On the Sixth and Seventh Cause of Action the May 23, 2008 deed and subsequent July 8, 2015 deed affecting the Premises known as 175 Weirfield Street, Brooklyn, NY 11221, Block 3397 and Lot 114, (the "Premises") are null and void ab initio, and the the Register of the City of New York County of Kings is shall to purge the record of said deeds; and

**ADJUDGED AND ORDERED**, On the Sixth and Seventh Cause of Action that Plaintiff shall be entitled to possession of the Premises and that in the name of the People of State of New York, THE SHERIFF OF KINGS COUNTY and/or NEW YORK CITY MARSHAL are hereby commanded to remove and eject from the premises known as and located at all rooms of the building 175 Weirfield Street, Brooklyn, NY 11221 Defendants COLETTE PAUL and DAPHNE THOMAS and/or their tenants and/or any party claiming possession of any portion of the Premises under said Defendants.

XXXXXXXXXX
Date

ENTER:

_Jay F. Campanelli_
_____
J.S.C.

_Nancy T. Sunshine_

NANCY T. SUNSHINE
Clerk

2022 MAY 31 AM 10: 23
KINGS COUNTY CLERK
FILED

3 of 6

SUPREME COURT OF THE STATE OF NEW
YORK COUNTY OF KINGS
-----------------------------------------------------------------------X
JENNIFER STEWART A/K/A JENNIFER          Index No. 515187/2020
DESOUZA

                   Plaintiff,

                                **NOTICE OF SETTLEMENT**

MICHAEL PAUL, COLETTE PAUL, and DAPHNE
THOMAS

                 Defendants.
-----------------------------------------------------------------------X

        PLEASE TAKE NOTICE that, pursuant to Uniform Rule 202.48, the attached Proposed

Order and Judgment will be presented for settlement signature and entry to The Honorable Joy F.

Campanelli, at Room 365, at the Courthouse located at 360 Adams Street Brooklyn, New York

11201, on April 11, 2022 at 10:00 a.m. or as soon thereafter as counsel may be heard.

Dated: West Hempstead, New York
      March 29, 2022

                                       Mitchell Hecht, Esq.
                                       Hecht Law Group, PLLC
                                       Attorney for Plaintiff
                                       571 Elm Street
                                       West Hempstead, NY 11552
                                       (516) 755-7860
TO:                                        mitchell@hechtlawgroup.com

       **Michael Paul**
       318 East 26th Street
       Brooklyn, NY 11226

       **Colette Paul**
       285 Hawthorne Street
       Apartment #306
       Brooklyn, NY 11225

       **Daphne Thomas**
       175A Weirfield Street
       Brooklyn, NY 11221

FILED: KINGS COUNTY CLERK 05/31/2022 10:23 AM

NYSCEF DOC. NO. 27

INDEX NO. 515187/2020

RECEIVED NYSCEF: 05/31/2022

SUPREME COURT OF THE STATE OF NEW
YORK COUNTY OF KINGS

-------------------------------------------------------------------X

JENNIFER STEWART A/K/A JENNIFER
DESOUZA

Index No. 515187/2020

Plaintiff,

MICHAEL PAUL, COLETTE PAUL, and DAPHNE
THOMAS

**COSTS OF PLAINTIFF**

Defendants.

-------------------------------------------------------------------X

## COSTS AND DISBURSEMENTS

Cost before note of issue CPLR § 8201 .................................... $200.00

*Costs after NOI* $200.

Motion CPLR § 8202 ................................................ $45.00

Service of Summons and Complaint ................................. ~~$100.00~~ $45.

Fee for note of issue CPLR § 8201 .................................. $30.00

Inquest CPLR § 8201 ................................................ $300.00

Fee for Index Number CPLR § 8018 (a) ........................... $210.00

*RJI* 95

**TOTAL** ~~$885.00~~ $1,125.

Costs at $ 1,125.
This 2th day of *May* 20 22

*Nancy T. Sunshine*

Clerk of Court Kings County

NANCY T. SUNSHINE
Clerk

FILED
KINGS COUNTY CLERK
2022 MAY 31 AM 10:23

NYSCEF DOC. NO. 26

## ATTORNEY'S AFFIRMATION

The undersigned, an attorney admitted to practice in the Courts of this State, affirms:
That he is the attorney of record for plaintiff Jennifer Stewart A/K/A Jennifer DeSouza, in the
above-entitled action; that the foregoing disbursements have been incurred in this action and are
reasonable in amount and that copies of documents or papers as charged herein were actually and
necessarily obtained for use. The undersigned affirms that the foregoing statements are true,
under penalties of perjury.

Dated: West Hempstead, NY
May 27, 2022

Mitchell Hecht, Esq.
Attorney for Plaintiff
571 Elm Street
West Hempstead, NY 11552
(516) 755-7860

EXHIBIT "D"

At an IAS Term, Part _D&#x4A;MP_ , held in and for the Supreme Court of the State of New York, County of Kings, 360 Adams Street, Brooklyn, New York, on ____June 21____ , 2022.

PRESENT: Hon. _Joy F. Campanelli_ Justice. Supreme Court

------------------------------------------------------------X

JENNIFER STEWART A/K/A JENNIFER DESOUZA,

        Plaintiff,      **Index No.**
                **515187/20**

    -against-

MICHAEL PAUL, COLETTE PAUL, and   **ORDER TO**
DAPHNE THOMAS,         **SHOW CAUSE**

        Defendants.

------------------------------------------------------------X

SPS

D

     Upon the annexed affirmation of Alice A. Nicholson, Esq., dated JUNE 20, 2022, the affidavit of Daphne Thomas, sworn to June 20, 2022, the papers annexed hereto, and all prior hearings and proceedings held herein.

     LET the plaintiff show cause before this Court, at the Courthouse thereof, _Part DJMP_

360   Adams   Street,   Brooklyn,   New   York, _Rm. 365_

&#x2192;  On the _20th_ of _July_ , _2022_ ,

at 9:30 o'clock in the forenoon of that date, or at such other time as counsel may be heard, *

why an Order should not be entered as follows:

\* or virtually/telephonically as per Part DJMP rules as directed by the court

(i)    Vacating the Judgment entered June 2, 2022, pursuant to CPLR 5015, 5015(a)(1), 5015(a)(3), 5015(a)(4);

(ii)    Dismissing the compliant pursuant to CPLR 3211(a)(1)(7) and (8) because the Court did not acquire jurisdiction over the defendant Benjamin Moses; or

(iii)    Granting to the defendant Daphne Thomas such other and further relief as this Court deems proper;

*Stay*

*JFC*
*JSC*

ORDERED that execution of the Judgment, including ejection or eviction of the premises more commonly known as, 175 Weirfield Street, Brooklyn, New York 11221, is stayed pending the hearing ~~and determination~~ of this application;

*Let*
~~ORDERED that~~ service of a copy of this order to show cause and the papers upon which it was made upon the plaintiff's counsel and any other party to be ~~personal~~ USPS overnight mail and electronic service via NYSCEF served, by ~~overnight express mail service~~ on or before _____ June 22, _____, 2022, shall be deemed sufficient service thereof.

Failure to efile proof of service through NYSCEF prior to the return date may result in denial of the OSC.

ENTER

_____
JSC

Hon. Joy F. Campanelli

EXHIBIT "E"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS: PART DJMP

---------------------------------------------------------------------X

JENNIFER STEWART A/K/A JENNIFER
DESOUZA,

           Plaintiff,

      -against-

MICHAEL PAUL, COLETTE PAUL AND DAPHNE
THOMAS,

           Defendants.

---------------------------------------------------------------------X

Index No.: 515187/2020

**DECISION AND ORDER**

Hon. Joy F. Campanelli, J.S.C.

The following papers were read on this motion pursuant to CPLR 2219(a):

| Papers | Numbered |
|---|---|
| Notice of Motion/Order to Show Cause/Affidavits/Affirmations/Exhibits...................... | 1-2 |
| Answering Affirmations/Affidavits/Exhibits........................................................ | 3 |
| Reply Affirmations/Affidavits/Exhibits............................................................. | |
| Other.................................................................................................... | |

IT IS **ORDERED** that:

This matter is to be referred to Part 82 for a Traverse Hearing before a Referee / JHO. The Referee/JHO is to hear testimony and issue a report with recommendations relating to the issue of plaintiff's service of the Summons and Complaint on defendants.

The Order to Show Cause to vacate / dismiss by defendant Daphne Thomas (motion sequence 002) is to be held in abeyance until the above stated Traverse Hearing has been held and the Referee / JHO has issued a report with recommendations.

The parties are directed to appear in the DJMP Part on Wednesday, February 22, 2023, at 2:15 pm in Room 774 of the Courthouse for a status conference regarding the above stated Traverse Hearing and Order to Show Cause. **A copy of this order with Notice of Entry shall be served on all sides within thirty (30) days of entry.** This constitutes the decision and order of the Court.

Dated: November 15, 2022
      Brooklyn, NY

                          Hon. Joy F. Campanelli, J.S.C.

                          **Hon. Joy F. Campanelli**